IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

LEIGHTON FAY,

    Petitioner,
 vs.          **Case No. 08-3301-RDR**

CLAUDE CHESTER, Warden,
USP, Leavenworth,

    Respondent.

**MEMORANDUM AND ORDER**

  This case is before the court upon petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Upon careful review, the court finds that the petition for habeas relief must be denied for the reasons which follow. For the same reasons, the court shall also deny petitioner's request for an evidentiary hearing.

I. FACTUAL BACKGROUND

  In 1981, following a jury trial in the United States District Court for the District of South Dakota, petitioner was convicted of: four counts of assault resulting in serious bodily injury; three counts of assault with a dangerous weapon; and one count of

---

[1] Petitioner has also filed a motion to amend his petition requesting that he be permitted to clarify the grounds for his petition by adding the following sentence: "Petitioner respectfully requests that his Fifth, and Fourteenth Amendment rights to due process and equal protection, as well as the ex post facto clause be applied and protected by this honorable court." Doc. No. 14. The motion to amend shall be granted.

assault by striking, beating or wounding.  In the same trial, petitioner was acquitted of second degree murder of a woman named Leah Black Moon.  He was sentenced to four consecutive terms of ten years (a total of 40 years) upon the counts of assault resulting in serious bodily injury, plus five years upon the three counts of assault with a dangerous weapon, plus six months upon the count of assault by striking, beating or wounding.

On direct appeal to the Eighth Circuit Court of Appeals, the three convictions for assault with a dangerous weapon were reversed.  U.S. v. Fay, 668 F.2d 375, 378 (8th Cir. 1981).  These counts were not retried.  So, petitioner's sentence was reduced to 40 years and 6 months.  Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of South Dakota.  The motion argued in part that the court did not have jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153, over petitioner (who, we assume, is Native American or has been recognized as such) because it violated the Fort Laramie Treaty of 1868.  The motion was denied as the court found:

> The Major Crimes Act has been attacked as a violation of the Fort Laramie treaty, and has been upheld "as a valid and constitutional law." United States v. Consolidated Wounded Knee Cases, 390 F.Supp. 235, 243 (D.Neb. 1975) aff'd, 538 F.2d 770 (8th Cir. 1975) cert. denied, 429 U.S. 1099, reh'g denied 431 U.S. 909 (1977).

Fay v. United States, Civ. No. 85-3977 at p. 3 (D.S.D. 4/23/1986).

Petitioner filed a second § 2255 motion in 1991.  The motion

2

was initially filed in the Eastern District of Washington and then transferred to the District of South Dakota. Petitioner again raised a jurisdictional challenge relating to his Indian status. The district court rejected this argument as well as other arguments, including a contention relating to the accuracy of the presentence report. The court noted that petitioner had been "given [a] full opportunity to read and review the presentence report and to respond to any material contained within it." Fay v. Thornburgh, Civ. No. 91-3032 at p. 6 (D.S.D. 3/23/1992).

In November 1994, the United States Parole Commission determined that petitioner would have a presumptive parole date of December 31, 2003. The Parole Commission noted that petitioner's offense behavior involved four assaults with serious bodily injury resulting and that petitioner had a history of assaultive behavior with three prior convictions and one conviction for firearms. Doc. No. 10, Exhibit C.

The Parole Commission reviewed petitioner's case in 1996 and made no change in petitioner's presumptive parole date. Doc. No. 10, Exhibit D. This finding was appealed. The National Appeals Board affirmed the decision rejecting an argument that the Parole Commission improperly considered a juvenile conviction in determining the risk petitioner posed to the public if released. Doc. No. 10, Exhibit E.

The Parole Commission again reviewed petitioner's case in 1998

3

and again made no change in the presumptive parole date. Doc. No. 10, Exhibit F. Petitioner appealed to the National Appeals Board which affirmed the Parole Commission's decision. Doc. No. 10, Exhibit G. Another review was conducted in 2000. No change was announced. Doc. No. 10, Exhibit H.

In April 2003, the Parole Commission retarded petitioner's presumptive parole date by 30 days because petitioner violated the rules where he was incarcerated. Doc. No. 10, Exhibit I. In March 2004, the presumptive parole date was set back 90 more days for another institutional violation. Doc. No. 10, Exhibit J. Petitioner's new presumptive parole date was October 30, 2004.

Petitioner was to be released through a community correction center to which he was supposed to report on September 16, 2004. He did not report on that date and was arrested 41 days later on a nearby Indian reservation. He was charged with escape, but acquitted after a court trial. Nevertheless, the Parole Commission determined that petitioner had escaped and continued petitioner's presumptive parole date 24 months to December 10, 2006. Doc. No. 10, Exhibit L. This decision was affirmed on appeal to the National Appeals Board. Doc. No. 10, Exhibit M. However, because the continued presumptive parole date came after petitioner's mandatory release date, petitioner's case was reopened and petitioner's parole was ordered continued to the expiration of his sentence. Doc. No. 10, Exhibit N. Petitioner was released

4

according to the provisions of 18 U.S.C. §§ 4163 & 4164 on November 18, 2005. He remained under the jurisdiction of the Parole Commission, as if on parole, until February 13, 2021. Doc. No. 10, Exhibit O.

In January and February 2007, the Parole Commission conducted revocation proceedings upon allegations that petitioner had committed assault and battery, inflicting a knife wound to another person, and that petitioner had been intoxicated in public. The Parole Commission determined that petitioner had violated his parole in both respects and continued petitioner to the expiration of his sentence. Doc. No. 10, Exhibit Q. This determination was affirmed upon appeal to the National Appeals Board in May 2007. Doc. No. 10, Exhibit R.

II. ARGUMENTS AND ANALYSIS

Petitioner divides the arguments in his petition into four grounds which he labels: "Ground One," "Ground Two," "Ground Three," and "Ground Four." To obtain relief under § 2241, petitioner must demonstrate that he "is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3).

A. <u>Ground One</u>

Petitioner makes numerous arguments in this section of his petition. First, he comments that he is innocent of the original charges in his case. The court rejects this contention because, as

respondent correctly asserts, a petition for habeas corpus relief under § 2241 cannot be used to challenge the validity of a conviction. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (quotations and internal citations omitted). Section 2255 provides the "exclusive remedy" for a challenge to the validity of a sentence unless it is "inadequate or ineffective." Bradshaw, 86 F.3d at 166. Failure to obtain relief under § 2255 does not establish the ineffectiveness or inadequacy of that remedy. Id.

Next, petitioner suggests that the preponderance of the evidence standard used by the Parole Commission shifts the burden of proof and violates the Due Process Clause of the Constitution. This contention overstates the due process rights applicable to parole revocation. The Supreme Court has stated:

> [T]he full panoply of rights due a defendant in . . . a [criminal prosecution] . . . does not apply to parole revocations.
> . . . .
> What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.
> . . . .

> We emphasize there is no thought to equate . . . parole revocation to a criminal prosecution in any sense.

<u>Morrissey v. Brewer</u>, 408 U.S. 471, 480, 484, 489 (1972). The preponderance of the evidence standard has been applied to the revocation of supervised release and probation, which the court believes are comparable to parole revocation. 18 U.S.C. § 3583(e)(3) (supervised release); <u>Morishita v. Morris</u>, 702 F.2d 207, 210 (10th Cir. 1983) (probation). Notice of the preponderance of the evidence standard is set out in federal regulations. 28 C.F.R. § 2.19(c). So, its application was not an unfair surprise to defendant. On the basis of this reasoning and authority, the court rejects petitioner's attack against the preponderance of evidence standard.

Petitioner's next argument asserts that the Parole Commission ignored the dismissal of the three counts of assault with a dangerous weapon after the Eighth Circuit reversed the convictions on those counts. The court has reviewed the records supplied by each side. There is no indication that the Parole Commission ignored the dismissal of those charges.

Petitioner next contends that the other charges against him should have been dismissed on the grounds of lack of intent or double jeopardy following the Eighth Circuit's decision. This contention is another impermissible effort to use § 2241 to collaterally attack petitioner's original convictions.

The remainder of petitioner's arguments in "Ground One" of his

petition appear to repeat contentions described in more depth in "Ground Two," "Ground Three" and "Ground Four." The court shall address those grounds in numerical order.

    B. Ground Two

Petitioner argues here that the Parole Commission improperly considered him to have escaped from custody even though he was acquitted of that charge in federal district court. Petitioner further claims that the Parole Commission violated the Ex Post Facto Clause of the Constitution by ignoring his acquittal.

Petitioner's arguments must be rejected for several reasons. First, the arguments are moot. Petitioner was granted parole after his release was continued by the Parole Commission on the grounds of his alleged escape. Subsequently, his release was revoked upon other grounds. Therefore, even if this court found in petitioner's favor on this claim, he would not be entitled to relief. See Vandenberg v. Rodgers, 801 F.2d 377, 378 (10th Cir. 1986) (issues which delayed release on parole are moot after parole is granted). Second, the Parole Commission's determination is supported upon the limited review authorized by the law. "[J]udicial review of Parole Commission determinations is quite limited." Fiumara v. O'Brien, 889 F.2d 254, 257 (10th Cir. 1989) cert. denied, 495 U.S. 958 (1990). "We will not disturb a decision by the Parole Commission 'unless there is a clear showing of arbitrary and capricious action or an abuse of discretion.'" Gometz v. U.S. Parole Comm'n, 294

F.3d 1256, 1260 (10th Cir.2002) (quoting Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir.1983)). "'The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.'" Gometz, 294 F.3d at 1260 (quoting Misasi v. U.S. Parole Comm'n, 835 F.2d 754, 758 (10th Cir. 1987)). The Parole Commission is not bound by an acquittal after a criminal trial because it makes its findings upon a lesser burden of proof and may consider evidence which may not be admitted in a criminal trial. See Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989) (dismissal of charges underlying a parole violation warrant has been found of no consequence in the state's determination of a parole violation); Mack v. McCune, 551 F.2d 251, 254 (10th Cir. 1977) (only if acquittal removed all factual support from the parole revocation can habeas relief be granted); Standlee v. Rhay, 557 F.2d 1303, 1307 (9th Cir. 1977) (collateral estoppel does not bar a subsequent parole revocation after a criminal acquittal). The court's review of the materials supplied by the parties makes clear that the Parole Commission had a rational basis for finding that petitioner had escaped from custody instead of reporting to the community corrections center.

Finally, petitioner advances no valid claim for a violation of

the Ex Post Facto Clause of the Constitution. The Ex Post Facto Clause "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." Weaver v. Graham, 450 U.S. 24, 30 (1981). "[T]he central concern of the ex post facto clause is fair notice to a defendant that the punishment for a crime has been increased from what it was when the crime was committed." U.S. v. Sullivan, 255 F.3d 1256, 1262 (10th Cir. 2001). Petitioner's reference to the Ex Post Facto Clause is not relevant to the situation he describes in his pleadings. Petitioner had fair notice that his parole could be revoked if the Parole Commission found by a preponderance of the evidence that he had escaped from custody.

C. Ground Three

Petitioner claims that the Parole Commission improperly considered petitioner guilty of the murder charge upon which he was acquitted and thus violated petitioner's due process rights. Petitioner also claims that the Parole Commission improperly considered an inaccurate report that he had stabbed his wife while on parole in 1973. Petitioner makes reference to a hearing examiner's summary of petitioner's revocation hearing where the following statements are made under the heading "Guideline Parameters."

> **Severity Justification:** Category Seven because it involved Assault with Serious Bodily Injury.
> **Salient Factor Score:** 2

10

**Re-parole Guideline Range:** ...... 100-148

**Evaluation:** The subject was originally sentenced to a 40 year term for Assault with a Dangerous Weapon. This offense involved the subject stabbing four women. One of the victims was stabbed ten times and died from her injuries. The remaining three victims were each stabbed at least three times. The subject was mandatory released in November of 2005. This is the subject's first violation of his mandatory release conditions.

Findings were made on both of the charges based on the documentary evidence and testimony from the victim and witness.

The subject is viewed as a more serious risk based on his history of very serious assaults. A review of the subject's pre-sentence report indicates that he was first convicted of Assault with a Deadly Weapon in 1963 after he shot the victim from point blank range in the chest during a fight. While on parole in 1973 for this offense, he stabbed his wife three times in the stomach and twice in the arm. In 1977, he was convicted of Possession of a Firearm after he threatened an individual with a rifle and fired several rounds into the ceiling and floor. The base offense involved the stabbing death of one victim who was stabbed ten times and the stabbing of three other individuals at least three times each. The current violation involves the same type of behavior when he stabbed the victim in the abdomen which required surgery.

Based on these factors, a decision above the guidelines is warranted to address his more serious risk. However, the subject has a mandatory release date after the service of 120 months. Therefore, continue to expiration is recommended. Alcohol and Anger Management special conditions are also recommended based on his history of substance abuse and violence.

**Recommendation:** Revoke mandatory release. All of the time spent on mandatory release shall be credited. Continue to Expiration.

**Conditions:** Drug/Alcohol Special Condition and Anger Management.

**Statutory Interim Hearing:** January, 2009

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

Doc. No. 10, Exhibit P at p. 5. Petitioner claims that this report leaves the false impression that his base offense involved a conviction for murder, when in fact none of the victims he was convicted of assaulting died. The records in this case show that when petitioner was tried upon the base offense he was acquitted of the murder charge. Petitioner also asserts, contrary to the hearing summary, that he did not assault his wife while on parole in 1973.

The Parole Commission followed the recommendation of the hearing examiner, but made no direct reference to the matters in the hearing summary which petitioner alleges are false. After finding that petitioner had violated his parole as alleged, the Commission stated:

> Your parole violation behavior has been rated as criminal conduct of Category Seven severity because it involved Assault with Serious Bodily Injury. Your salient factor score is 2. . . . Guidelines established by the Commission indicate a customary range of 100-148 months to be served before release.
>
> After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

Doc. No. 10, Exhibit Q at p. 2. In affirming the decision of the Parole Commission, the National Appeals Board stated that petitioner had not presented any evidence in support of his

12

allegation that he was not involved in stabbing his wife and that the record shows that his parole was revoked after that incident. Doc. No. 10, Exhibit R.

After reviewing the arguments presented in relation to petitioner's "Ground Three" as well as the record, the court must reject petitioner's claims because petitioner has not alleged and cannot demonstrate that the Parole Commission relied upon any erroneous information in a constitutionally significant manner. The Parole Commission's decision referenced the severity of the parole violation, which petitioner does not contest in his "Ground Three" argumentation. The Commission found that petitioner assaulted and stabbed another person. The Parole Commission also referenced petitioner's salient factor score. Petitioner does not contend that petitioner's salient factor score would have been different if the alleged false information had been ignored.

This court should not presume that the Parole Commission attached significance to particular items of information which the Commission did not explicitly discuss. Phillips v. Brennan, 912 F.2d 189, 192 (7th Cir. 1990); see also Solomon v. Elsea, 676 F.2d 282, 289 (7th Cir. 1982) (only facts which constitute significant factors in the Parole Commission's decision are subject to review); Pinkerton v. Benov, 8 Fed.Appx. 807, 809 (9th Cir. 5/4/2001) (declining to consider factors not mentioned in parole board decision); Hodges v. O'Brien, 589 F.Supp. 1225, 1229-30 (D.Kan.

13

1984) (only the most significant factors in the Commission's decision are subject to review). This court cannot conclude that the Parole Commission relied upon the allegedly false information described by petitioner because the Parole Commission did not discuss that information in its decision, and the primary factors discussed by the Parole Commission were not influenced by that information. Therefore, petitioner's claims in "Ground Three" must be dismissed.[2]

As previously discussed, this court's function on habeas review is to determine whether there has been a clear showing that the Parole Commission acted arbitrarily. No such showing has been made in the materials presented to the court. Nor have any grounds been presented to find that an evidentiary hearing would assist the court's review of this matter.

D.  Ground Four

Petitioner challenges the jurisdiction of the United States government over petitioner as a Native American. We reject this claim. The Major Crimes Act, 18 U.S.C. § 1153, "created jurisdiction in federal courts for certain major crimes committed by Indians against Indians on Indian reservations." U.S. v. Dodge,

---

[2] Moreover, regarding the alleged assault against petitioner's wife, the record indicates that petitioner did not present evidence to support his claim that he did not stab his wife. Doc. No. 10, Exhibit R. Therefore, the court cannot conclude that the Parole Commission acted arbitrarily if, after reviewing the material before it, the Commission decided he did stab his wife.

538 F.2d 770, 774-75 (8th Cir. 1976) cert. denied, 538 F.2d 770 (1977) (citing Keeble v. United States, 412 U.S. 205 (1973); U.S. v. Kagama, 118 U.S. 375 (1886); Iron Crow v. Oglala Sioux Tribe of Pine Ridge Res., 231 F.2d 89 (8th Cir. 1956) and discussing U.S. v. Consolidated Wounded Knee Cases, 389 F.Supp. 235 (D.Neb. & W.D.S.D. 1975)). Following this authority, as well as the holdings of other courts where petitioner has raised similar contentions, we reject petitioner's arguments in "Ground Four."

III. CONCLUSION

In conclusion, for the above-stated reasons, the court shall grant petitioner's motion to amend (Doc. No. 14) but deny petitioner's request for relief under § 2241.

**IT IS SO ORDERED.**

Dated this 25th day of August, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge